UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LYNN RUDOLPH,

                              Plaintiff,

               v.                                                          9:01-CV-1549
                                                                           (FJS/DEP)
GLENN S. GOORD, DONALD SELSKY,
KENNETH TORREGGIANI, DANIEL
SENKOWSKI, J. WOOD, CAPTAIN CAREY,
and LIEUTENANT BALDWIN,

                              Defendants.

_____

APPEARANCES                                          OF COUNSEL

LYNN RUDOLPH
85-A-4738
Shawangunk Correctional Facility
Box 700
Wallkill, New York 12589
Plaintiff *pro se*

OFFICE OF THE NEW YORK                               MEGAN M. BROWN, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224

SCULLIN, Chief Judge

                    MEMORANDUM-DECISION AND ORDER

                              I. INTRODUCTION

     Plaintiff filed his complaint against Defendants on October 12, 2001, pursuant to 42

U.S.C. § 1983, asserting that Defendants had violated his Fourteenth Amendment right to due

process and his Eighth Amendment right to remain free from cruel and unusual punishment.[1]  *See* Dkt. No. 1.  On September 30, 2003, Defendants Goord, Selsky, Torreggiani, Senkowski, and Carey filed a motion for summary judgment.[2]  *See* Dkt. No. 28.  On November 24, 2004, Magistrate Judge Peebles issued a Report and Recommendation in which he recommended that this Court grant Defendants' motion for summary judgment and dismiss Plaintiff's complaint in its entirety.[3]  *See* Dkt. No. 43.  On December 10, 2004, Plaintiff filed his objections to those recommendations.  *See* Dkt. No. 47.  Currently before the Court are Magistrate Judge Peebles' Amended Report and Recommendation and Plaintiff's objections thereto.

## II. DISCUSSION

### A.   Standards of review

A district court is required to make a *de novo* determination regarding the findings and recommendations in a magistrate judge's report-recommendation to which a party has filed timely objections and for clear error those parts of the report-recommendation to which a party does not object.  *See Gill v. Smith*, 283 F. Supp. 2d 763, 766 (N.D.N.Y. 2003) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)) (other citations omitted).

---

[1] Specifically, Plaintiff asserted that Defendants' administrative, and later disciplinary, confinement of him within the Special Housing Unit ("SHU") for an aggregate period of 133 days deprived him of a liberty interest without the requisite procedural due process.  In addition, he claimed that the conditions that he experienced during his SHU confinement were tantamount to constitutionally prohibited cruel and unusual punishment.

[2] It appears that Plaintiff has never effected service on Defendants Wood and Baldwin.

[3] On November 29, 2004, Magistrate Judge Peebles issued an Amended Report and Recommendation to reflect the fact that Megan Brown, AAG, represented Defendants.  *See* Dkt. No. 45.

Summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that there is no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). Once he meets this burden, the opposing party must show that there is a material factual issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. In deciding a summary judgment motion, a court must resolve all ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party. *See Wright v. Coughlin*, 132 F.3d 133, 137 (2d Cir. 1998) (citation omitted). Finally, a court should deny summary judgment when the record "reveals sufficient evidence for a rational trier of fact to find in the [nonmovant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted).

With these standards in mind, the Court will address Plaintiff's objections to Magistrate Judge Peebles' recommendations.[4]

---

[4] As a preliminary matter, the Court notes that neither Plaintiff nor Defendants filed any objections to Magistrate Judge Peebles' recommendation that this Court deny Defendants' motion for summary judgment with respect to Plaintiff's claims against Defendants Wood and Baldwin based upon Plaintiff's failure to effect service upon them. Have reviewed Magistrate Judge Peebles' recommendation regarding this issue and finding that it is not clearly erroneous, the Court adopts this recommendation.

**B.      Plaintiff's due process claims**

*1. The collateral estoppel effect of Plaintiff's prior Article 78 proceeding upon Plaintiff's third, fifth and sixth causes of action*

Prior to commencing this action, Plaintiff filed an Article 78 proceeding in New York State court challenging Defendant Goord's determination, in his capacity as Commissioner of Correctional Services, that Plaintiff was guilty of violating a prison disciplinary rule. *See Rudolph v. Goord*, 284 A.D.2d 640, 640 (3d Dep't 2001). In reviewing that decision, the Appellate Division held that no due process violation had occurred during the course of the same disciplinary proceedings which are at issue in this litigation. *See id.* In reaching that conclusion, the Appellate Division explicitly rejected Plaintiff's arguments that the allegedly false misbehavior report which resulted in the need for the disciplinary proceedings contained insufficient detail for Plaintiff to prepare a defense or that he was denied an adequate opportunity to prepare his defense. *See id.* at 640-41 (citation omitted).

Relying upon the doctrine of collateral estoppel, which precludes a party "from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002) (citations omitted), Magistrate Judge Peebles concluded that the unfavorable resolution of Plaintiff's prior Article 78 proceeding precluded him from relitigating those procedural due process claims arising from the prison disciplinary proceedings that are the subject of this action. Therefore, he recommended that this Court grant Defendants' motion for summary judgment with respect to Plaintiff's third, fifth, and sixth causes of action.

Plaintiff objects to Magistrate Judge Peebles' conclusion that his prior Article 78 petition

-4-

bars him from litigating the procedural due process claims that he asserts in these causes of action. In this regard, Plaintiff argues that, because he is required to provide the lower court with the opportunity to resolve issues of law before proceeding to a higher court and that because he is required to exhaust all of his remedies, including the filing of an Article 78 suit, prior to filing a civil suit in this Court, he is not precluded from litigating these claims.

Plaintiff's objections are without merit. Despite Plaintiff's assertion to the contrary, he was not required to file an Article 78 proceeding as part of the requirement that he exhaust his administrative remedies prior to commencing a § 1983 action based upon prison conditions in this Court. Nor is there any requirement that Plaintiff present his claims to a state court prior to commencing such an action in this Court. Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's third, fifth, and sixth causes of action on the ground that the doctrine of collateral estoppel bars him from relitigating these claims.[5]

### 2. Plaintiff's claims that Defendants violated his Fourteenth and Eighth Amendment rights by failing to credit him for the time he had served in administrative segregation when they imposed his disciplinary penalty

In his first and second causes of action, Plaintiff asserts that Defendants' failure to credit him for the time he had served in administrative segregation when they imposed his disciplinary penalty constituted a violation of his Fourteenth Amendment due process rights and his Eighth

---

[5] Since the Court grants Defendants' motion for summary judgment with respect to Plaintiff's third, fifth and sixth causes of action based upon the doctrine of collateral estoppel, there is no need for the Court to address the other grounds upon which Magistrate Judge Peebles based his recommendation that this Court grant Defendants' motion with regard to these claims.

Amendment right to remain free from cruel and unusual punishment.

Magistrate Judge Peebles concluded that Plaintiff had not established a constitutional entitlement to such a credit, finding that there was no legal basis for Plaintiff's assertion that an inmate's Eighth or Fourteenth Amendment rights are abridged when he is subjected first to administrative segregation, with the requisite due process, and later to disciplinary segregation for similar acts, after a hearing, without receiving credit for the time that he had served in administrative confinement.  Therefore, Magistrate Judge Peebles recommended that this Court grant Defendants' motion for summary judgment with respect to Plaintiff's first and second causes of action.

Plaintiff objects to Magistrate Judge Peebles' recommendation on the ground that Defendants' failure to credit him for the time he had served in administrative confinement when imposing his disciplinary punishment was inhumane and cruel.

Plaintiff's objection is without merit and, as Magistrate Judge Peebles' noted, is legally unsupportable.  Accordingly, the Court adopts his recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's first and second causes of action.

### 3. Plaintiff's claim regarding his placement in administrative SHU confinement

Whether the issue is administrative or disciplinary confinement, an inmate is entitled to at least minimal due process before he is subjected to such segregation, and, as the Second Circuit noted in *Arce v. Walker*, 139 F.3d 329 (2d Cir. 1998), "the degree and duration of an inmate's restraint are the key considerations to determine the existence of a state-created liberty interest." *Id.* at 335.  In *Hewitt v. Helms,* 459 U.S. 460 (1983), the Supreme Court set forth the procedural

due process requirements to which an inmate is entitled in such circumstances.  The Court held

that, when placed in such confinement, an inmate is entitled to "an informal, nonadversary

review," occurring "within a reasonable time" following the inmate's transfer to administrative

segregation, where the inmate "receive[s] some notice of the charges against him and an

opportunity to present his views to the prison official charged with deciding whether to transfer

him to administrative segregation."  *Id.* at 472, 476.  Moreover, because "administrative

segregation may not be used as a pretext for indefinite confinement of an inmate[,] [p]rison

officials must engage in some sort of periodic review of the confinement of such inmates . . . ."

*Id.* at 477 n.9.  These periodic reviews "must be meaningful and not simply perfunctory,"

*McClary v. Kelly*, 4 F. Supp. 2d 195, 213 (W.D.N.Y. 1998) (citing *Giano v. Kelly*, 869 F. Supp.

143, 150-51 (W.D.N.Y. 1994)) (other citation omitted), but they do "not necessarily require that

prison officials permit the submission of any additional evidence or statements. . . . [T]he

decision to continue confinement of an inmate pending investigation of misconduct charges

depends upon circumstances that prison officials will be well aware of – most typically, the

progress of the investigation."  *Hewitt*, 459 U.S. at 477 n.9.

In the present case, Defendants placed Plaintiff in administrative confinement based upon

Captain Faulkner's recommendation and Deputy Superintendent of Security Joseph Wood's

authorization.  Prior to placing Plaintiff in administrative confinement, Defendants provided him

with a copy of the administrative recommendation, and, at the subsequent hearing, they provided

him with an opportunity to present his views concerning the proposed segregation and permitted

him to call witnesses.  They also provided Plaintiff with written notice of the hearing officer's

determination.  Moreover, subsequent to Plaintiff's segregation, a three-member committee

reviewed his continuing confinement on a weekly basis.  Based upon these facts, Magistrate

Judge Peebles concluded that Plaintiff could not establish that Defendants violated his right to

due process with regard to his administrative confinement, and, therefore, he recommended that

the Court grant Defendants' motion for summary judgment with respect to Plaintiff's seventh

cause of action.

Plaintiff objects to Magistrate Judge Peebles' conclusion that Defendants' actions

regarding his administrative confinement met minimal due process requirements, arguing that the

protections he received were inadequate and insufficient.  Specifically, he asserts that prison

officials failed to conduct a review to determine whether he should remain in administrative

confinement every thirty days, thus violating his due process rights under *Hewitt*.

Plaintiff's objections are without merit because *Hewitt* requires only that prison officials

engage in periodic reviews of the administrative confinement of inmates and does not require a

specific time frame for such reviews.  *See Hewitt*, 459 U.S. at 477 n.9.[6]  The record clearly

indicates that a committee reviewed Plaintiff's administrative segregation on a weekly basis and

that at the conclusion of each hearing it recommended that Plaintiff remain in administrative

segregation because of his involvement in a continuing investigation that the Inspector General's

Office was conducting.  *See* Dkt. No. 30 at Exhibit "E."  Accordingly, the Court adopts

Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary

judgment with respect to Plaintiff's seventh cause of action.

---

[6] It appears that Plaintiff's "thirty-day" argument may be based upon Justice Stevens'
dissent in *Hewitt*, in which he discusses Pennsylvania and federal prison systems regulations that
require that inmates in administrative segregation receive in-person reviews at least once every
thirty days.  *See Hewitt*, 459 U.S. at 495-96 & n.27 (Stevens, J. dissenting).

> ***4. Plaintiff's claim against Defendant Torreggiani based upon his issuing of an
> allegedly false misbehavior report and testifying at Plaintiff's disciplinary
> hearing in support of the allegations contained in that report***

The mere act of issuing a misbehavior report, absent an allegation that the defendant

issued this report in retaliation for the plaintiff's exercise of his constitutional rights, and giving

testimony in a disciplinary hearing are insufficient to support a due process violation. *See Porter*

*v. Goord*, No. 04-CV-0485, 2004 WL 2271383, *3 (W.D.N.Y. Oct. 5, 2004) ("'[A] prison inmate

has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct

which may result in the deprivation of a protected liberty interest,' . . ., and, therefore, a claim of

false testimony by a correctional officer witness at a disciplinary hearing, in and of itself, does

not state a cognizable claim that plaintiff's due process rights were violated." (internal quotation

omitted)).  In the present case, Plaintiff's allegations against Defendant Torreggiani are limited to

claims that he issued a false misbehavior report and gave testimony to support the charges set

forth in that report at Plaintiff's disciplinary hearing.  Finding these allegations insufficient to

sustain a due process claim, Magistrate Judge Peebles recommended that this Court grant

Defendants' motion for summary judgment with respect to Plaintiff's claims against Defendant

Torreggiani.

Plaintiff objects to Magistrate Judge Peebles' conclusion, arguing, in essence, that

Defendant Torreggiani's filing of a false misbehavior report violated his due process rights

because it necessitated the filing of this lawsuit.

Plaintiff's objection is without merit because Plaintiff has not alleged that Defendant

Torreggiani issued the misbehavior report or provided testimony in support of that report in

retaliation for Plaintiff exercising his constitutional rights.  Accordingly, the Court adopts

Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary

judgment with respect to Plaintiff's claims against Defendant Torreggiani.

C.      **Plaintiff's Eighth Amendment claims**

        *1. The merits of the claims*

        Although "[t]he Constitution 'does not mandate comfortable prisons,' . . . neither does it

permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and

the conditions under which he is confined are subject to scrutiny under the Eighth Amendment' . .

. ." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations omitted).  To prevail on a

claim that prison conditions violate the Eighth Amendment, an inmate "must satisfy both an

objective and subjective requirement: the conditions complained of must be 'sufficiently serious'

from an objective standpoint, and the plaintiff must demonstrate that prison officials subjectively

acted with 'deliberate indifference.'" *Leach v. Dufrain*, 103 F. Supp. 2d 542, 546 (N.D.N.Y.

2000) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 & 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271

(1991)).  With regard to the objective requirement, the Second Circuit has held that allegations of

conditions involving frigid temperatures, rodent infestation, and unsanitary conditions outside a

cell can at least raise an issue of fact as to whether an Eighth Amendment violation has occurred.

*See Gaston v. Coughlin*, 249 F.3d 156, 166 (2d Cir. 2001).  With regard to the subjective

requirement, deliberate indifference exists if an official "knows of and disregards an excessive

risk to inmate health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Farmer*, 511 U.S. at 837.

Magistrate Judge Peebles found that Plaintiff's eighth cause of action, in which he alleged that the conditions he faced within the SHU included severe mice and bat infestation, with resulting feces in his clothing, bed, and cell; inadequate clothing for outdoor recreation; and garbage and human feces in the gallery area outside his cell, could raise an issue of fact as to whether Defendants violated his Eighth Amendment rights.[7]

Plaintiff objects to Magistrate Judge Peebles' conclusion that some of his Eighth Amendment claims are legally deficient, arguing that Defendants knew of the deplorable conditions that existed in the SHU at Clinton.  Specifically, Plaintiff claims that he spoke personally with the superintendent and members of his executive team on several occasions regarding the conditions within the SHU and that no one took any corrective action.

It is difficult to understand what the basis for Plaintiff's objection is to Magistrate Judge Peebles' conclusion regarding his eighth cause of action because Magistrate Judge Peebles found that Plaintiff had raised an issue of fact as to whether the conditions in the SHU violated his Eighth Amendment rights.  After reviewing Plaintiff's allegations regarding the conditions in the SHU and the applicable law, the Court concurs with Magistrate Judge Peebles' conclusion. Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and denies Defendants' motion for summary judgment with respect to the merits of Plaintiff's eighth cause of

---

[7] Magistrate Judge Peebles also found that Plaintiff's fourth cause of action, in which he alleged procedural deficiencies associated with his disciplinary hearing, was redundant of his Fourteenth Amendment claims and did not implicate the Eighth Amendment.  Thus, he recommended that the Court grant Defendants' motion for summary judgment with respect to this cause of action.  To the extent that Plaintiff objects to this recommendation, the Court finds that Magistrate Judge Peebles' conclusion regarding this cause of action was correct.  Accordingly, the Court adopts that recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's fourth cause of action.

action.  This conclusion, however, does not end the Court's inquiry because, as discussed below, in order to hold Defendants liable for the alleged violation of his constitutional rights, Plaintiff must establish their "personal involvement" in the constitutional deprivations he allegedly suffered.

### 2. Personal involvement of Defendants in the alleged constitutional violations

"'Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted).  Thus, in order to prevail on a § 1983 claim against a particular defendant, a plaintiff must show some tangible connection between the constitutional injury he allegedly suffered and the actions of that defendant.  *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Moreover, there is no *respondeat superior* liability under § 1983.  *See Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quotation omitted).  Therefore, a defendant who occupies a supervisory position cannot be liable for the alleged violation of a plaintiff's constitutional rights solely by virtue of his supervisory status.  Rather, he can only be held liable if he has (1) directly participated in the unconstitutional action, (2) failed to remedy a wrong after learning of the violation through a report or appeal, (3) created or allowed to continue a policy or custom under which unconstitutional practices occurred, (4) acted with gross negligence in managing the subordinates who caused the unlawful event, or (5) failed to act on information indicating that unconstitutional acts had occurred.  *See id.* (quotation and other citation omitted).

### *a. Defendants Goord, Selsky and Senkowski*

Magistrate Judge Peebles found that Plaintiff had failed to allege any tangible connection between Defendant Goord's actions and the alleged constitutional injuries he suffered. Therefore, he recommended that this Court dismiss Plaintiff's claims against Defendant Goord for lack of personal involvement.

Furthermore, Magistrate Judge Peebles found that Plaintiff's allegations against Defendant Senkowski were only slightly more substantive.  According to Plaintiff, he corresponded with Defendant Senkowski, alleging that as superintendent he had a responsibility, but failed, to investigate and remediate the alleged constitutional violations that Plaintiff experienced.  Magistrate Judge Peebles concluded that, even if true, these allegations were insufficient to establish the requisite level of personal involvement on the part of Defendant Senkowski to hold him liable of the alleged constitutional violations.  Therefore, Magistrate Judge Peebles recommended that this Court dismiss Plaintiff's claims against Defendant Senkowski for lack of personal involvement.

Finally, Magistrate Judge Peebles found no evidence of Defendant Selsky's awareness of the conditions giving rise to Plaintiff's Eighth Amendment claims.[8]

Plaintiff objects to Magistrate Judge Peebles' findings with regard to the personal involvement of Defendants Goord, Senkowski, and Selsky.  However, he does so only in terms

---

[8] To the contrary, Magistrate Judge Peebles concluded that, with respect to Plaintiff's due process claims, he had alleged sufficient facts to support a finding that Defendant Selsky had the requisite level of personal involvement in those deprivations.  However, because the Court has concluded that Plaintiff's due process claims cannot withstand Defendants' motion for summary judgment for several alternative reasons, the Court need not address whether Defendant Selsky was aware of these allegations.

of his due process causes of action, which the Court has already determined cannot withstand Defendants' motion for summary judgment for several alternative reasons. Moreover, even if the Court were to construe Plaintiff's objections as pertaining to his Eighth Amendment claims, it would have to conclude that these objections were without merit because it is well-established that allegations that officials ignored a prisoner's letter of protest and request for an investigation are insufficient to hold supervisory officials liable for the alleged violations. *See Greenwaldt v. Coughlin*, No. 93 Civ. 6551, 1995 WL 232736, *4 (S.D.N.Y. Apr. 19, 1995) (citations omitted).

Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's Eighth Amendment claims against Defendants Goord, Senkowski, and Selsky for lack of personal involvement.

### b. *Defendants Wood, Carey and Baldwin*

Plaintiff's allegations against Defendants Wood, Carey and Baldwin are contained in his eighth cause of action in which he asserts a violation of his Eighth Amendment rights based upon the allegedly unsavory conditions he experienced in the SHU. In order to prevail on this claim against any of these Defendants, Plaintiff must establish a link between the conditions about which he complains and the actions or inactions of the particular Defendant he alleges violated these rights. *See Gaston*, 249 F.3d at 166.

After thoroughly reviewing the record, Magistrate Judge Peebles concluded that Plaintiff had failed to come forward with any evidence to link Defendants Wood, Carey or Baldwin to the conditions that he experienced in the SHU. Therefore, he recommended that this Court grant Defendants' motion for summary judgment with respect to Plaintiff's Eighth Amendment claims

against Defendants Wood, Carey and Baldwin for lack of personal involvement.

Plaintiff objects to Magistrate Judge Peebles' finding that he did not present sufficient evidence to link these Defendants to the conditions within the SHU. However, he does so only with respect to his due process claims, not his Eighth Amendment claims.[9] He offers no evidence that Defendants Wood, Carey or Baldwin had any connection to, or were even aware of, the conditions he experienced in the SHU. Accordingly, the Court adopts Magistrate Judge Peebles' recommendation and grants Defendants' motion for summary judgment with respect to Plaintiff's Eighth Amendment claims against Defendants Wood, Carey and Baldwin for lack of personal involvement.

### III. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report and Recommendation filed in this matter, Plaintiff's objections, the relevant parts of the record, and the applicable law, and for the reasons stated herein as well as in Magistrate Judge Peebles' Report and Recommendation, the Court hereby

**ORDERS** that Magistrate Judge Peebles' November 24, 2004 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** in its entirety; and the Court further

---

[9] As previously noted, the Court has already determined that Plaintiff's due process claims cannot withstand Defendants' motion for summary judgment on several alternative grounds.

-15-

**ORDERS** that the Clerk of the Court enter judgment in Defendants' favor and close this

case.

**IT IS SO ORDERED.**

Dated: July 11, 2005
       Syracuse, New York


                                             Frederick J. Scullin, Jr.
                                             Chief United States District Court Judge